IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TIMOTHY GOINS, Individually and for Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>WOLVERINE FUELS, LLC<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00767-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Defendant Wolverine Fuels, LLC's Motion for Leave to Amend the Answer.[1] For the reasons discussed below, the Motion is GRANTED.

## BACKGROUND[2]

This case concerns a dispute between a coal producing company and its employees.[3] On September 5, 2025, Plaintiff Timothy Goins filed the Complaint individually and on behalf of other similarly situated hourly employees.[4] The Complaint alleges Wolverine's bonus pay scheme violates the Fair Labor Standards Act (FLSA) by failing to pay overtime.[5] On October 21, 2025, Wolverine answered the Complaint.[6]

---

[1] Dkt. 32, *Motion for Leave to Amend the Answer* (*Motion*).

[2] The following facts are drawn from Goins's Complaint and Wolverine's Amended Answer. *See* Dkt. 1, *Original Collective Action Complaint* (*Complaint*); Dkt. 32-1, *Amended Answer to Complaint and Counterclaim (Amended Answer)*. Because Goins challenges the Amended Answer as futile, the court accepts Wolverine's well-pleaded facts as true and views them in the light most favorable to it. *See Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1231, 1254 (10th Cir. 2008).

[3] *Complaint* ¶¶ 1–7.

[4] *Id.* at 1.

[5] *Id.* ¶¶ 7, 87–93.

[6] Dkt. 17, *Answer to Complaint*.

On March 26, 2026, Wolverine filed its Motion seeking leave to amend the Answer to add an affirmative defense to offset any damages and to bring a counterclaim for unjust enrichment.[7]  The Amended Answer alleges an accounting error caused Wolverine to mistakenly overpay Plaintiffs during the last three years.[8]  An audit of its payment practices showed Wolverine paid Plaintiffs "more than time and half for overtime hours" and credited Plaintiffs "for having performed work on holidays that they did not work" for overtime purposes.[9]  This alleged overpayment is the basis of the proposed affirmative defense and counterclaim.[10]  The Motion is fully briefed and ripe for review.[11]

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) allows a defendant to amend its answer with the court's leave and instructs the court to "freely give leave when justice so requires."[12]  The Rule's purpose is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[13]  Granting leave to amend "is within the discretion of the trial court."[14]  A court should grant leave to amend unless the nonmovant shows "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] futility of amendment."[15]

---

[7] *Motion*.

[8] *Amended Answer* at 11–13.

[9] *Id.* at 11.

[10] *Id.*

[11] Dkt. 36, *Opposition to Wolverine's Motion for Leave to Amend* (*Opposition*); Dkt. 40, *Reply in Support of Motion for Leave to Amend the Answer* (*Reply*).

[12] Fed. R. Civ. P. 15(a)(2).

[13] *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (citation modified).

[14] *Id.* (citation modified).

[15] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the [pleading], as amended would be subject to dismissal."[16]  A counterclaim is futile if it should be dismissed under Federal Rule of Civil Procedure 12 for "failure to state a claim upon which relief can be granted" or if the court lacks "subject-matter jurisdiction."[17]  To "state a claim to relief that is plausible on its face," the counterclaim must plead "factual content that allows the court to draw the reasonable inference that the [nonmovant] is liable for the misconduct alleged."[18]  The counterclaim must be more than "a formulaic recitation of the elements of a cause of action,"[19] but "specific facts are unnecessary."[20]  The "claimant needs only to provide fair notice of the claim and its grounds."[21]  The court accepts all well-pleaded facts as true and "view[s] them in the light most favorable" to the movant."[22]

An affirmative defense is futile if the defense is insufficient under Rule 12(f).[23]  Under this standard, the party opposing the amendment has the "demanding burden" of showing the defense "cannot succeed as a matter of law under any circumstances."[24]  "To warrant striking a defense, its insufficiency must be clearly apparent and no factual issues exists that should be determined in a hearing on the merits."[25]

---

[16] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[17] Fed. R. Civ. P. 12(b)(1), (6).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

[19] *Id.*

[20] *Beus Gilbert PLLC v. Donald L. Robertson Tr.*, 859 F. App'x 234, 237 (10th Cir. 2021).

[21] *Id.* (citation modified).

[22] *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023).

[23] *Huffman v. Forest River, Inc.*, No. 23-4091-JWB-RES, 2025 WL 1736675, at *4 (D. Kan. Jun. 23, 2025); *Riley v. Spangler*, No. 1:20-cv-00983-KWR-SCY, 2022 WL 1078544, at *1 (D.N.M. Apr. 11, 2022).

[24] *Huffman*, 2025 WL 1736675, at *4; *Eagle v. USA Dent Co., LLC*, No. 20-cv-01146-JWB-TJJ, 2022 WL 17903796, at *2 (D. Kan. Dec. 23, 2022).

[25] *Riley*, 2022 WL 1078544, at *1 (citation modified) (quoting *Kramer v. Textron Aviation, Inc.*, 2022 WL 218750, at *11-12 (D. Kan. 2022)).

## ANALYSIS

Wolverine seeks leave to amend the Answer to include an affirmative defense to offset any damages and a counterclaim for unjust enrichment.[26]  Goins argues the amendments are futile because (1) the FLSA prohibits this counterclaim, (2) the court should decline to extend supplemental jurisdiction over the counterclaim, (3) the FLSA preempts the counterclaim, and (4) Wolverine fails to allege an offset cognizable under the FLSA.[27]  The court considers, and rejects, each in turn.

### I.     The Affirmative Defense Is Not Futile.

Wolverine seeks to add the following affirmative defense: "many of the opt-in and putative class and collective action members were erroneously overpaid by Wolverine, and Wolverine is therefore entitled to any offset any damages that putative class and collective action members may claim."[28]  Affirmative defenses are futile only if insufficient under Rule 12(f).[29] Goins does not attempt to satisfy this standard,[30] which is more demanding than the burden under Rule 12(b).[31]  The court may not "assume the role of advocate."[32]  Accordingly, the court concludes Goins fails to meet his burden on establishing the affirmative defense as futile.  The only remaining issue is whether the counterclaim is futile under Rule 12(b).

---

[26] *Motion* at 1.

[27] *Opposition* at 2.

[28] *Amended Answer* at 9.

[29] *See* Fed. R. Civ. P. 12(f); *see also Riley*, 2022 WL 1078544, at *1.

[30] *See generally Opposition*.

[31] *See Huffman*, 2025 WL 1736675, at *4.

[32] *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

## II.    The FLSA Does Not Prohibit the Counterclaim.

Goins argues Wolverine's proposed amendment is futile because the FLSA restricts counterclaims.[33]  The court disagrees.

The Tenth Circuit generally disfavors state law counterclaims, especially where akin to setoffs.[34]  In *Donovan v. Pointon*,[35] the Secretary of Labor brought an action to enjoin the defendant from violating the FLSA's overtime provisions.[36]  The Tenth Circuit found no error in the district court prohibiting the defendants from asserting set-offs, counterclaims, and third-party complaints against the employees.[37]   In explaining its holding, the Tenth Circuit stated, the "purpose of the [Secretary's FLSA] action is to bring [the Defendant] into compliance with the Act by enforcing a public right.  To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process."[38]

But *Donovan* does not bar counterclaims where (1) the FLSA claim is brought by private individuals, as opposed to the Secretary of Labor in *Donovan*, and (2) the court concludes "allowing the counterclaims would promote judicial economy because resolution of the counterclaims required analysis of the same facts, evidence, and time period as the plaintiffs'

---

[33] *Opposition*, at 3.

[34] *Donovan v. Pointon*, 717 F.2d 1320, 1321 (10th Cir. 1983); *see also Jones v. Addictive Behav. Change Health Grp., LLC*, 364 F. Supp. 3d 1257, 1265 (D. Kan. 2019) (explaining "several courts, including the Tenth Circuit, have indicated that counterclaims, especially where akin to setoffs, are not allowed in an FLSA action").

[35] 717 F.2d 1320 (10th Cir. 1983).

[36] *Id.* at 1323.

[37] *Id.*

[38] *Id.*

FLSA or related state law claims."[39]  For example, in *Jones v. Addictive Behavioral Change Health Group, LLC*,[40] the District of Kansas considered whether to permit an employer's unjust enrichment counterclaim when the plaintiff brought FLSA claims for failure to pay overtime.[41] The court permitted the counterclaim because a logical relationship existed between the facts and evidence needed to prove Plaintiffs' FLSA claim to recover underpaid wages and Defendant's counterclaim to recover overpaid wages.[42]

Goins asks this court to look to the Fifth Circuit's "bright line" rule prohibiting counterclaims in cases enforcing FLSA's minimum wage and overtime provisions.[43]  But the court declines to do so where the Tenth Circuit's *Donovan* decision is on point and a plethora of district court decisions within this Circuit apply it.  And the district court decisions Goins relies on are distinguishable.  In *Smith v. City of Sand Springs*,[44] the Northern District of Oklahoma declined jurisdiction over four state law counterclaims that would "substantially predominate over the plaintiff's FLSA overtime and retaliation claims . . . ."[45]  And in *Saarela v. Union*

---

[39] *Cook v. DAVA Mktg., LLC*, No. 2:23-cv-006320-DBB-DBP, 2025 WL 1726399, at *3; *see Jones*, 364 F. Supp. 3d at 1264; *Morales v. RoxBox Containers, LLC*, No. 20-cv-00262-PAB-KLM, 2021 WL 830499, at *3 (D. Colo. Mar. 4, 2021) (finding "*Donovan* does not bar all state-law counterclaims in FLSA cases, at least not where the counterclaims are virtually identical to the FLSA claims" (citation modified)); *Miles v. BKP Inc.*, No. 18-cv-01212-PAB-MEH, 2022 WL 4245956, at *3 (D. Colo. Sept. 15, 2022) (same); *Deasy v. Optimal Home Care, Inc.*, No. 17-cv-00287-MSK, 2018 WL 10911745, at *3 (D. Colo. Nov. 2, 2018) (same); *see also Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 08-cv-00722-RCJ-PAL, 2009 WL 10693341, at *5 (D. Nev. Sept. 18, 2009) (distinguishing *Donovan* and permitting counterclaim brought by private employee vindicating private right under FLSA where judicial economy served); *Alexander v. Golden Margarita LLC*, No. 22-cv-00781-PHX-DWL, 2023 WL 2891360, at *4 (D. Ariz. Apr. 11, 2023) (distinguishing *Donovan* and permitting counterclaim that is "inextricably intertwined with Plaintiff's wage claims"); *Bachman v. Bachman*, No. 8:19-CV-276, 2021 WL 65492, at *2 (D. Neb. Jan. 7, 2021) (explaining *Donovan* does not apply where "an employer's counterclaim for setoffs is related to the amount of wages owed").

[40] 364 F. Supp. 3d 1257 (D. Kan. 2019).

[41] *Id.* at 1264–65.

[42] *Id.* at 1264.

[43] *Opposition* at 3–4 (citing *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010); *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).

[44] No. 17-cv-531-JED-FHM, 2018 WL 4494986 (N.D. Okla. Sept. 19, 2018).

[45] *Id.* at *2.

*Colony Protective Services, Inc.*,[46] the District of Colorado observed, "Since *Donovan*, most courts considering the issue have generally agreed that setoffs and recoupments are disfavored in FLSA."[47]  While this general rule is true, the counterclaim in *Saarela* did not involve the same issues as the FLSA claim. There, the plaintiff brought a failure to pay overtime claim and the employer sought to assert counterclaims for the repayment of private loans.[48]  The factual and legal issues for the claim and counterclaim failed to overlap beyond involving the same parties.

Here, Goins brings the FLSA claim to enforce a private right, which distinguishes this case from the Secretary of Labor bringing the claim in *Donovan* to enforce a public right. Permitting the counterclaim promotes judicial economy because its resolution requires analyzing the same facts, evidence, and time periods as Goins's FLSA claim.[49]  To prove the FLSA claim, Goins must establish the wages Wolverine actually paid Plaintiffs and the wages Wolverine actually owed.[50]  To prove the unjust enrichment counterclaim, Wolverine must also establish the wages it actually paid Plaintiffs and the wages it actually owed.[51]  Unlike *Smith*, the unjust enrichment issues here will not predominate the FLSA issue, and unlike *Saarela*, the unjust enrichment issues substantially overlap with the FLSA issues.  Instead, this court finds *Jones* persuasive and will permit the counterclaim.  It would be inefficient and cumbersome to hear Goins's claim for underpayment here but require Wolverine to file its claim for overpayment in

---

[46] No. 13-cv-01637-MSK-MJW, 2014 WL 3408771 (D. Colo. July 14, 2014).

[47] *Id.* at *5 (citation modified).  Additionally, the *Saarela* court declined "to diverge from the weight of authority" because the Defendant had not filed an opposition.  *Id.*

[48] *Id.* at *4–5.

[49] *See Cook*, 2025 WL 1726399, at *3.

[50] *Complaint* ¶¶ 87–93.

[51] *Amended Answer* at 11.

state court.  Accordingly, the court concludes Goins fails to establish the FLSA prohibits this counterclaim.

### III.   The Court Will Exercise Supplemental Jurisdiction over the Counterclaim.

Relatedly, Goins argues even if the FLSA permits the counterclaim, the court should nonetheless decline supplemental jurisdiction over it because such counterclaims are disfavored.[52]

Federal courts are courts of limited jurisdiction.[53]  When a court lacks jurisdiction, it must "dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[54]  The court has original jurisdiction over Goins's FLSA claim because it arises under a federal statute.[55]  Under 28 U.S.C. § 1367, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[56]  A claim is considered part of the same case or controversy when it is derived from a common nucleus of operative fact.[57]  Under § 1367(c)(4), the court may decline its supplemental jurisdiction "in exceptional circumstances" where "other compelling reasons" exist for doing so.[58]  This "court should consider retaining state claims when, given the nature and

---

[52] *Opposition* at 7.

[53] *Gad v. Kan. St. Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (citing *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)).

[54] *Lynn v. Brown*, 803 F. App'x 156, 159 (10th Cir. 2020) (citing *Pueblo of Jemez v. United States*, 790 3.d 1143, 1151 (10th Cir. 2015)).

[55] *See* 28 U.S.C. § 1331.

[56] *Id.* § 1367(a).

[57] *Price v. Wolford*, 608 F.3d 698, 702–03 (10th Cir. 2010) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)).

[58] 28 U.S.C. § 1367(c)(4).

extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction."[59]

Goins asks this court to decline jurisdiction under § 1367(c)(4).[60] The compelling circumstances Goins asserts here is the general rule that the FLSA disfavors counterclaims,[61] which has led some district courts within this Circuit to decline supplemental jurisdiction.[62] But this court has already concluded the general rule should not govern here.[63] For all the reasons explained above, the FLSA claim and unjust enrichment counterclaim arise out of the same common nucleus of operative fact such that considering the claim for underpayment alongside the counterclaim for overpayment serves judicial economy.[64] As the *Jones* court explained, "[a] simultaneous determination of the claims is necessary to calculate the appropriate measure of damages."[65] Accordingly, the court will exercise jurisdiction over Wolverine's Counterclaim.

### IV.     The Proposed Counterclaim Is Not Preempted by the FLSA Claim.

Goins argues the FLSA preempts Wolverine's unjust enrichment counterclaim.[66] The court disagrees.

---

[59] *Wittner v. Banner Health,* 720 F.3d 770, 781 (10th Cir. 2013) (citation modified).

[60] *Opposition* at 7.

[61] *See Donovan*, 717 F.2d at 1321.

[62] *See, e.g.*, *City of Sand Springs*, 2018 WL 4494986, at *2 (declining supplemental jurisdiction because counterclaims are generally disfavored in FLSA cases); *Murie v. ServiceMaster Restoration by Recovery Pros, LLC*, No. 21-2069-JWB, 2021 WL 4263507, at *3 (D. Kan. Sept. 20, 2021) (declining supplemental jurisdiction because counterclaims lacked a common nucleus of operative facts).

[63] *See supra* Section II.

[64] *Price*, 608 F.3d at 702–03.

[65] *Jones*, 364 F. Supp. 3d at 1264.

[66] *Opposition* at 6–7.

A plaintiff employee may not bring a FLSA claim for overtime wages and "a state common law claim . . . based upon the same facts as a FLSA cause of action."[67] "[T]he duplicative state-law claim is preempted by the FLSA and must be dismissed."[68] But the state law claim here is being brought by Wolverine, the employer.[69] The FLSA is a "remedial scheme for the benefit of all workers," not for the benefit of employers.[70] Goins does not provide, and the court is unaware of, any authority finding the FLSA preempts an employer from asserting an unjust enrichment counterclaim.[71] Indeed, courts have often permitted such counterclaims.[72]

### IV. Wolverine Alleges an Offset Cognizable under the FLSA.

Goins argues amendment is futile because "Wolverine fails to allege an offset cognizable under the FLSA."[73] He advances two arguments: (1) "Wolverine's generically recited 1.5x offset is futile," and (2) "the FLSA prohibits seeking credit for unworked holiday hours."[74] The court considers each argument in turn.

Goins first argues Wolverine does not state a claim for relief because the Amended Answer merely recites FLSA's exemption from the regular rate without providing sufficient factual allegations to make the claim plausible.[75] The court disagrees. The Amended Answer

---

[67] *Gutierrez v. Summit Mountain Holding Grp.*, No. 1:17-cv-00049, 2018 WL 5892667, at *7 (D. Utah Nov 9, 2018) (citation modified) (quoting *Stephenson v. All Resort Coach Inc.*, 2:12-cv-1097 TS, 2013 WL 4519781, at *9 (D. Utah Aug. 26, 2013)).

[68] *Id.*; *see also Chytka v. Wright Tree Serv., Inc.*, 617 F. App'x 841, 844 (10th Cir. 2015) (affirming district court's dismissal of "state-law claims, holding federal law preempted her unjust-enrichment claim").

[69] *See Amended Answer.*

[70] *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1111 (10th Cir. 2019).

[71] *See Opposition* at 7.

[72] *Jones*, 364 F. Supp. 3d at 1266; *see also Rosario v. 11343 Penrose Inc.*, No. 20-cv-715-SB-RAO, 2020 WL 8812460, at *9 (C.D. Cal. Oct. 26, 2020) ("[C]ounterclaims, including for unjust enrichment, are not invalid in an FLSA suit as a matter of law.").

[73] *Opposition* at 4–6.

[74] *Id.*

[75] *Id.* at 5–6.

clearly identifies the specific amount Wolverine overpaid each enumerated Plaintiff.[76]  The court finds the precise enumeration of amounts overpaid to each Plaintiff sufficient to provide "fair notice of the claim and its grounds,"[77] which is sufficient to state a claim for relief at this stage.

Next, Goins argues § 207 renders the counterclaim for unworked holiday pay futile.[78] The counterclaim alleges Wolverine alleged paid Plaintiffs for "holidays that [Plaintiffs] did not work."[79]  29 U.S.C. § 207(e)(2) excludes from an employee's regular rate "payments made for occasional periods when no work is performed due to . . . holiday . . . which are not made as compensation for his hours of employment."[80]  Employers may not use these hours to offset earned overtime hours.[81]  But Wolverine seeks to offset only unearned overtime hours.  As the Tenth Circuit has explained, "FLSA overtime applies only to hours actually worked.  29 C.F.R. § 778.101 states that '[h]ours worked in excess of the statutory maximum in any workweek are overtime hours under the statute; a workweek no longer than the prescribed maximum is a nonovertime workweek under the Act.'"[82]  Wolverine's counterclaim focuses on *overpaying* employees by treating unworked holiday time as worked time and thus paying employees overtime pay when they did not work more than 40 hours a week.[83]  Goins fails to show the counterclaim would be subject to dismissal under this argument.

---

[76] *Amended Answer* at 12.

[77] *Beus Gilbert*, 859 F. App'x at 237.

[78] *Opposition*, at 6; *see also* 29 U.S.C. § 207(h).

[79] *Amended Answer* at 11, 13.

[80] 29 U.S.C. § 207(e)(2).

[81] *Id.* § 207(h)(2); 29 C.F.R. § 778.216 ("[S]ince such payments are not made as compensation for the employee's hours worked in any workweek, no part of such payment can be credited toward overtime compensation under the Act").

[82] *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1310 (10th Cir. 2011).

[83] *Reply* at 8–9.

## CONCLUSION

For the reasons stated above, the court GRANTS the Motion.[84]  Wolverine is ORDERED to file the Amended Answer attached to the Motion within seven days.

SO ORDERED this 22nd day of June 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[84] Dkt. 32.